May it please the court, good morning your honors. My name is David Young and I am counsel for the appellants, public lands for the people, and other prospectors and miners who work in the El Dorado National Forest. And this is primarily a case about taking something away from those prospectors and miners that they had. We always ran our own affairs and they meant to take it away from us. There was a Massachusetts farmer saying why he fought the British in the Revolutionary War. And that's why we think this case is worth fighting and why we're here. Is this a facial challenge, Counselor? It is. Okay. Among other things. Well, I'm trying to decide if it's anything else but a facial challenge. Well, it certainly is a facial challenge. We do not believe that they have that authority to require because they passed a tribal management plan. But nobody has ever tried and failed to obtain the authorization to use the particular roads in this record? Your Honor, under the tribal management plan right now, the roads that had access for prospectors Answer my question, Counselor. Have any of your clients ever tried and failed to obtain the authorization to use the roads in this record? My clients have not made any application pursuant to 228.4 for a notice of filing a notice of filing a PPO, an operating plan. I guess their position, as I read it, would be they don't need to do that because public road is defined in their view as being accessible, so they could just go out and get on it, right? Well Assuming they didn't have any degradation. They have always had the right to go on the roads available around the National Forest and prospect and mine. They, according to the Forest Service, no longer have that right for over 50 percent of the roads in the El Dorado National Forest, which affects 87 percent of the El Dorado National Forest. This is not a small matter for my people. And because of that, my people, I can say to the Court, from what they tell me, have no intention of applying for a notice of intent or a POO, plan of operations, in order to use those roads. I think what would happen is that if the Forest Service finds them on roads that have been closed pursuant to the travel management plan, they would cite them and we would now have a criminal prosecution. Well, assuming they have standing to bring this, their real challenge is, one, as to the authority of the service under a whole host of statutes, correct? A whole host of regulations and a whole host of statutes, Your Honor. And then second, if you got past or if you were unable to get past it on that point, which is just a pure authority point, I take it they challenge how the service interprets public road and the exemption, correct? Indeed. That's correct, Your Honor. And the district court, I think, decided this on a motion to dismiss, correct? Correct. But basically considered the, I don't know if it's called a manual or the, you know, the Forest Service book that describes the exemption and what a public road is. So I take it that, in a way, it's like a summary judgment, because that was incorporated into the decision. Well, they did. The manual is the Forest Service internal policy. It's not a – it's for the Forest Service. It isn't for the public. It's, it's, it's a – It's their interpretation. It's their interpretation. And it simply conflicts, number one, with other interpretations. And secondly, it conflicts with how the – how public roads have previously been, been looked at. And, you know, that might be, but then my one question on that point would be why we wouldn't give deference to the Forest Service. In other words, there could be different ways one might interpret public roads for different reasons, but in this context, they interpret it a certain way. Why wouldn't, shouldn't a court give deference to that? Because they're wrong. And in the district court, the district judge has the last word. Where in this court, because this court tests whether that, that last word is also the right word. And this court has the right word. Maybe you've misunderstood her question. Why wouldn't we give deference to their interpretation if it's an ambiguous question? Because there's – Certainly public roads is defined in their manual. And certainly you have another definition, but certainly under our rules of statutory procedure and how we interpret things, if we're interpreting things that the Forest Service is to interpret and it's ambiguous as to how it should be interpreted, we have no power but to give deference to the Forest Service. And we would, Your Honor, we would dispute that it's ambiguous. We do not believe it's ambiguous. We think it's pretty clear. It's pretty clear by the regulations themselves. It's pretty clear by State law. Public roads are basically determined by what roads the public uses. And it's primarily a State – and we have cited the Ball case to Your Honor – that is primarily a State process that you go through for determining public roads. And we have RS-2477 that we've also cited. That gives you what has been public roads. And they are in – traditionally, they started out as trails. They've been trails. They've been paths. Well, that statute, that statute of the RS-2277, it seems – 2477, Your Honor. Oh, is it 2477? I believe so. Okay. Well, maybe I wrote it down wrong. That has – I don't see any evidence that these roads were public highways before 76, and it seems that the statute that that relates to was repealed. And were these – were these roads at issue created over public lands? I'm sorry. I didn't hear you, Your Honor. I thought they were – that was repealed and, you know, there's a time issue. There's a lot of definitions of public roads. Interesting question. And that was repealed, but everything that was in place at that time is valid and validated. It does not – it does not repeal RS-2477 for the – more than a century that it was in effect and the roads that went under it. So you would not have any RS-2477 roads since the repealing. But these roads have been in the El Dorado National Forest for 100 years or more. And as I say, Your Honor, they affect over 50 percent of the roads in the National Forest. And we're not talking about paved highways here. They affect over 50 percent of the roads in the National Forest and 87 percent of the area of the National Forest. Let me ask you another question. Do you argue that the Forest Service did not follow their own 36 CFR regulation, 21255, when they determined which roads would have the prohibition? Your Honor, those roads and – Could you answer my question? I would say they did not follow them because that is for use. It is not for closure. Those regulations do not allow closures of roads. It's a travel management plan which closes it. Those regulations are what roads are going to be used under what conditions and what classification of vehicles are going to be allowed to use those roads. Nothing in those regulations gives them the right to absolutely prohibit any motor vehicle on any of those roads. You've got a minute left. Excuse me? You've got a minute left. I'm sorry? You've got one minute left. I'll reserve that minute, Your Honor. Okay. Thank you very much. May it please the Court. I am David Schulten, here representing the United States Department of Agriculture. We submit that the claim was properly dismissed by the district court because the miners and prospectors do not have the unqualified right that they claim to access areas of the national forest to mine or prospect. And the Forest Service Organic Act, which is 16 U.S.C. Section 478, provides that miners and prospectors may enter onto national forests for proper purposes under the mining law, but makes clear that, quote, such persons must comply with the rules and regulations covering those national forests. And this Court held in Clouser v. Espy that those regulations include rules and regulations about motor vehicle access to mining claims. And this Court held in that case that, quote, there can be no doubt that the Department of Agriculture possesses statutory authority to regulate activities related to mining, even in non-wilderness areas, in order to preserve the national forests. And that went on to find that the Forest Service could even prohibit motor vehicle access. This case, of course, is not about absolute prohibition of motor vehicle access. It's simply a case where we are now requiring that they seek authorization for motor vehicle use on roads which have been designated as not open for motor vehicle use. So they're going to be able to do that. And I guess their argument is, well, these were once designated and would fall under public highways, so once a public highway, always public highway, and I can come on it without one of these pieces of paper. I'd make a couple of points with regard to the RS-2477 point. While RS-2477 was pled in the original complaint, it was not part of the first amended complaint, which is at issue here. The first amended complaint only alleged causes of action with regard to the mining statutes. So it's really not a part of the case, and it also was not argued in the opening brief, only in the reply brief. The same is true with respect to the claims about 36 CFR 212.55. That's not a claim pled in the first amended complaint or argued in the opening brief. So I think those claims are waived. What the miners are claiming here is that there is this regulation, 36 CFR 228.4, which has been in effect for a while, and it tells miners and prospectors when they need to file a notice of intent or plan of operations for their mining operations. And it has a certain exemption in it for use of public roads. Well, there are a couple of reasons why that regulation doesn't help the miners here. First, that regulation and the exemption therein only exempts miners from the plan of operation requirement itself. It doesn't exempt them from other regulations. And here we are talking about the access regulations, which are found in 36 CFR 261.13, which say that if a road has been designated as not open, that the general public is prohibited from using that road unless specifically authorized. So the 261.13, that has to be promulgated under 212.51? And is there something in the record I'd look to to see that? Yes. The road designation is promulgated pursuant to section, I'm sorry, to its 36 CFR 261 point. Well, let's see. I guess I don't. It says that, I mean, you treat that as an independent bar, but those rules have to be promulgated under 212.51. So I didn't know if the Eldorado Forest situation and closure and designations were under 212.51, and thereby falling under that other one, 261. They are. The designations are under 212.51a. That was the 2008 decision that's being challenged here was specifically under 212.51. It was this forest's designation of which roads, and these are generally maintenance level 2 roads. They're dirt roads passable by high clearance vehicles. Could you just explain under that section you're now talking about, 216, no, 261, that designates certain roads with a description? 212.51, right. 212.51. Is that independent of that 228.4 and this Forest Service manual which describes what is a public road? Yes. The 228.4 regulations are just for minors and prospectors, whereas the 212.51 regulations are all about road access for everyone. So the two ‑‑ So could you just go back, then? The one that has this exemption, which is 228.4. Right. The one, I. Yeah. It has a little exemption A that as long as you don't bump up the road too much and it's a public road, you're okay. But what I understood they were challenging is they're saying, look, we don't really buy what's in your Forest Service manual or your internal interpretation of what's a public road. What is your response to that? Two responses. First, it doesn't matter because even if they fell within the exemption as written in 228.4, that doesn't mean that the restriction in 261.13, which comes from those 212.51 rules, doesn't mean that that wouldn't apply. And the key case from this Court on that subject is United States v. Doremus, which was a case about minors and said that minors must comply with, quote, all rules and regulations, not just those such as Part 228, which apply exclusively to mining claimants. So even if they ‑‑ Is this sort of like I give it and I take it away? I mean, here I give you this exemption, but I can take it away over here. I'm having some trouble figuring out how they fit. Not really, because they're pertaining to different subject matter areas. The 228.4 is just for minors and prospectors. But a minor prospector has to comply with all the other Forest Service regulations, whether they are with regard to cutting trees or access to roads. But what is it to say you don't need this notice paper if you're exempt under Section A if then they get you coming and going over here because there's some other requirement? In other words, if they met the requirement of the public roads as you interpret it, would they be able to go on there without any special paper? No, they would need authorization under the 261. That's a general requirement. Now, our other point is that they would not meet that 228.4A1A exception because once the roads have been designated as not open to the public, they are no longer public roads or roads used and maintained for national forest purposes. They're not maintained anymore. So they wouldn't be entitled to the exemption anyway. So there are really two bases for why the claim fails. The district court just went to the second one, reading the words of the exemption itself, found that, no, they wouldn't be entitled to it. But I think the broader point is that under DOREMAS, minors have to comply with all regulations, not just those relating to minors. And so either ground is sufficient. Okay. Thank you. Thank you very much. Mr. Young, you've got about a minute left. Thank you, Your Honor. Your Honors, under DOREMAS, there was a plan of operation voluntarily filed. They were prosecuted for violating their own plan of operation. That's what DOREMAS is about. Our situation is whether or not we even have to file a notice of intent or a notice of a plan of operation. The 228.4 in A says if there is not going to be any significant service disturbance, you don't have to file a notice of intent. The exemptions say if you have public roads or roads maintained by the Forest Service,  As far as the plan of operations, they're saying if it's highly probable, in effect, that you're going to have significant service disturbance, then you file a plan of operations. What is anomalous about the government's position is that they're saying 228 doesn't apply to the minors. None of this applies to the minors. However, in order to get on the roads that are now closed by the travel management plan, you now have to comply with 228 and file a notice of intent and file a plan of operations so that the standards there for significant service disturbance go by the board because we have determined that by merely passing the plan and you have one tire track on a dirt road, that violates the plan and that is significant service disturbance where for literally decades and generations that never was a standard. How they reconcile that is it's impossible to reconcile. There is no need for harmonization here. This case is out of harmony. This isn't the first time a court would tell the Forest Service you need to do something with your regulations.  In this case, they certainly don't fit.
judges: Kozinski, McKeown, Smith